IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON, | CV 18-000132-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| DONAVAN WIND, CINDY LONGJAW-MOORE, BIA ROCKY MOUNTAIN REGIONAL DIRECTOR, and JOHN AND JANE DOES, | |
| Defendants. | |

On December 19, 2018, this Court issued Findings and Recommendations, and recommended dismissal of Mr. Morrison's complaint without prejudice based upon his failure to comply with this Court's order to inform the Clerk of Court of his change of address. (Doc. 11.) Following the entry of the Findings and Recommendations, Morrison filed a Notice of Change Address and advised the Court that he had temporarily been homeless. (Doc. 12.) Based upon Mr. Morrison's filing, Judge Watters subsequently rejected the Findings and Recommendations and remanded the matter for further proceedings. (Doc. 14.)

1

## I.      Motion for Joinder

While the proceedings on the Findings and Recommendations were pending, Morrison believing his complaint was likely being dismissed, filed a new § 1983 action, alleging the same facts and asserting the same constitutional violations. See, *Morrison v. Wind, et. al.*, Cause No. CV-19-12-BLG, Cmplt. (Filed Feb. 5, 2019). Morrison subsequently filed a Motion for Joinder, asking that the two matters be combined. (Doc. 16.)

As Morrison concedes, these two matters are identical, thus, there is no need to join them. The Clerk of Court will be directed to close Cause No. CV-19-12-BLG, and Morrison will be allowed to proceed with his claims in the above-referenced matter.

## II.     42 U.S.C. § 1983

Morrison generally alleges his constitutional rights, including his right to be free from unlawful searches and seizures, were violated when Defendants unlawfully entered a garage building and confiscated various tools and equipment and then covered up the purported wrongdoing. (Doc. 2 at 6, ¶ III (A)(3)-(4)). Two of the Defendants named by Mr. Morrison, Donavan Wind, Former Northern Cheyenne Police Chief, and Cindy Longjaw-Moore, Northern Cheyenne Dispatch Officer, were both apparently employed by the Bureau of Indian Affairs (BIA) at

the time the events occurred. *Id*. At 4-5. Mr. Morrison also names John and Jane

Doe Defendants, including the BIA Rocky Mountain Regional Director and

unidentified BIA police/federal officers. *Id*. At 5. Mr. Morrison asserts these

individuals were acting in both their individual and official capacities. *Id*.

Morrison advances claims under 42 U.S.C. § 1983 and, alternatively, under *Bivens*

*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*Id*. at 5, ¶ II.

Actions under Section 1983 and *Bivens* are substantially the same, except

1983 applies to state actors, whereas *Bivens* applies to federal actors. See e.g.,

*Van Strum v. Lawn*, 940 F. 2d 406, 409 (9th Cir. 1991); see also, (Doc. 2 at 5, ¶

II)("Basis for Jurisdiction"). While the Court is unclear about the basis for Mr.

Morrison's claims under Section 1983, it appears that *Bivens* may apply. Mr.

Morrison seems to claim that the Defendants who purportedly violated his

constitutional rights were employed by the BIA, a federal agency. As set forth

above, a plaintiff alleging a constitutional violation by a federal actor may have a

right of action under *Bivens*.

In *Bivens*, the Supreme Court held that federal officers who acted under

color of law were liable for damages caused by their violation of the plaintiff's

Fourth Amendment Rights. *Id*. at 389. Under *Bivens*, a plaintiff may sue a federal

officer in his or her individual capacity for damages for violation of the plaintiff's constitutional rights. *Id*. at 397. To state a claim under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. V. Malesko*, 534 U.S. 61, 70 (2001).

The Court has considered whether Mr. Morrison's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Morrison has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time; it is possible that Mr. Morrison may state a viable claim(s).

But another hurdle lies before Mr. Morrison. He has not provided the Court with current contact information for any of the named Defendants. (Doc. 2 at 4-5.) Thus, there is no way for the Court to effectuate service of Morrison's complaint. Morrison must provide this information.

Based on the foregoing, the Court enters the following:

//

//

4

## ORDER

1.     Mr. Morrison's Motion for Joinder (Doc. 16) is **DENIED**.

The Clerk of Court is directed to close *Morrison v. Wind*, Cause No. CV-19-12-

BLG.  Mr. Morrison will be allowed to proceed with his claims in this matter,

*Morrison v. Wind*, CV-18-132-BLG.

2.     Within 21 days of the date of this Order, Mr. Morrison shall provide

updated contact information for all of the named Defendants.  Should he fail to do

so, this matter will be recommended for dismissal.

DATED this 22nd day of February, 2019.


                              */s/ Timothy J. Cavan*
                              Timothy J. Cavan
                              United States Magistrate Judge